ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **ALEJANDRO ANTONIO ORIZONDO ÁLVAREZ-MENA** DEMANDANTE(S)-APELADA(S) <br><br> V. <br><br> **CARMEN DORIS PAGÁN SEDA; FERNANDO JAVIER ORIZONDO ÁLVAREZ-MENA** DEMANDADA(S)-APELADA(S) <br><br> **AMARIS URBINA ECHEVARRÍA ERIC RESTO LEÓN** **(PARTE INTERVENTORA)** DEMANDADA(S)-APELANTE(S) | **KLAN202300903** | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas** <br><br> Caso núm. **CG2020CV01973 (802)** <br><br> Sobre: Acción de Reivindicación; División y Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos,* juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 15 de noviembre de 2023.

Comparecen ante nos, los señores **AMARIS URBINA ECHEVARRÍA** y **ERIC RESTO LEÓN** (señores **URBINA ECHEVARRÍA** y **RESTO LEÓN**) mediante *Apelación* incoada el día 11 de octubre de 2023. En su escrito, nos solicitan que revisemos la *Sentencia Parcial Enmendada* dictada el 6 de septiembre de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas.[1] Mediante dicho dictamen, entre otras cosas, el foro primario ordenó la desestimación de la *Reconvención* presentada el 17 de diciembre de 2020 por la señora **URBINA ECHEVARRÍA**; de la *Demanda Intervención* entablada el 31 de enero de 2021 por el señor **RESTO LEÓN;** se declaró *ha lugar* la causa de acción sobre desahucio instada por el señor **ALEJANDRO ANTONIO ORIZONDO ÁLVAREZ-MENA** (señor **ORIZONDO ÁLVAREZ-MENA);** se ordenó proceder con la

---

[1] Esta determinación judicial fue notificada y archivada en autos el 11 de septiembre de 2023. Véase Apéndice I de la *Apelación,* págs. 1- 54.

Número Identificador:
SEN2023_____

acción de deslinde y amojonamiento; y la continuación de los procedimientos.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I –**

El 25 de septiembre de 2020, se interpuso una *Demanda* sobre acción reivindicatoria.[2] En la misma, se alegó que el señor **ALEJANDRO ANTONIO ORIZONDO ÁLVAREZ-MENA** (señor **ORIZONDO ÁLVAREZ-MENA**) desconoce el paradero de su padre, de su hermano **FERNANDO JAVIER ORIZONDO ÁLVAREZ-MENA** (**FERNANDO JAVIER**), y la cotitular **CARMEN DORIS PAGÁN SEDA** (señora **PAGÁN SEDA**). En adición, argumentó que la señora **URBINA ECHEVARRÍA** había estado ocupando de forma ilegal la propiedad; sin pagar canon o merced alguna; y se ha rehusado desocupar dicho inmueble, a pesar de no contar con derecho alguno para ello. Por tal motivo, reclamó la reivindicación de la propiedad inmueble Parcela Dieciocho y se le ordenara a la señora **URBINA ECHEVARRÍA** su desalojo. También, solicitó la división y liquidación de la comunidad hereditaria.

Ese mismo día, el señor **ALEJANDRO ANTONIO ORIZONDO ÁLVAREZ-MENA** presentó una *Moción Solicitando Emplazamiento por Edicto Bajo la Regla 4.6 de las de Procedimiento Civil Vigentes*.[3] El 6 de octubre de 2020, el foro apelado dictó *Orden* en la cual autorizó el emplazamiento por edicto de los señores **FERNANDO JAVIER ORIZONDO ÁLVAREZ-MENA** y **CARMEN DORIS PAGÁN SEDA,** y requirió remitirles por correo certificado con acuse de recibo copia de la *Demanda* y del *Emplazamiento por Edicto* a su última dirección conocida.[4]

El 17 de diciembre de 2020, la señora **URBINA ECHEVARRÍA** presentó su *Contestación a Demanda* en la que las alegaciones de la demanda;

---

[2] Véase Apéndice II de *Apelación*, págs. 303- 309.
[3] Véase entrada número 3 del expediente electrónico **CG2020CV01973** del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Véase entrada número 7 del expediente electrónico **CG2020CV01973** del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

simultáneamente interpuso *Reconvención* y una *Moción Urgente en Solicitud de Prohibición de Enajenar* hasta tanto se resuelva la controversia del presente caso.[5] Arguyó que tiene la posesión civil de la propiedad desde octubre de 2008 y reclamó en contra del señor ORIZONDO ÁLVAREZ-MENA, señora PAGÁN SEDA y FERNANDO JAVIER alegando incumplimiento de contrato por no haber otorgado escritura identificando correctamente la propiedad objeto de la compraventa.

El 21 de diciembre de 2020, el señor ORIZONDO ÁLVAREZ-MENA presentó *Escrito Sometiendo Declaraciones Juradas Acreditando Publicaciones de Edicto, Cartas Acreditando el Envío de la Demanda y el Emplazamiento, y Solicitud para la Anotación de Rebeldía;* y *Contestación a Reconvención* arguyendo que no procede el reclamo por incumplimiento contractual, ni por prescripción adquisitiva.[6] También adujo que el 3 de abril de 2017, el señor RESTO LEÓN otorgó escritura de dación en pago a favor de LIME RESIDENTIAL, LTD (LIME RESIDENTIAL), entregando al acreedor la propiedad y todos sus derechos sobre la misma; imposibilitando cesión de derecho alguno sobre la Parcela Diecinueve a favor de la señora URBINA ECHEVARRÍA.

El 31 de diciembre de 2020, la señora URBINA ECHEVARRÍA presentó una *Réplica a Contestación a Reconvención* alegando que tiene legitimación, aunque no figure como parte compradora, porque ella fue parte del contrato de alquiler con opción a compra previo a la compraventa, y por ser poseedora de buena fe y en carácter de dueña de la propiedad objeto del litigio, que se le entregó en el 2007.[7] Asimismo, argumentó que falta una parte indispensable toda vez que el señor RESTO LEÓN no era parte del pleito y es poseedor de buena fe y legítimo dueño de la Parcela Dieciocho.

---

[5] Véase Apéndice II de *Apelación*, págs. 310- 323 y entrada número 18 del expediente electrónico **CG2020CV01973** del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[6] Véase entradas número 21 y 22 del expediente electrónico **CG2020CV01973** del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[7] Véase entrada número 25 del expediente electrónico **CG2020CV01973** del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 31 de enero de 2021, el señor **Resto León** presentó su *Demanda Intervención* solicitando se le permitiera intervenir en el caso, toda vez que, posee interés propietario sobre el inmueble que se pretende reivindicar.[8]

Al poco tiempo, el 2 de febrero de 2021, el foro primario decretó *Orden* anotando la rebeldía a los señores **Pagán Seda** y **Fernando Javier**.[9] Ese mismo día, se dictaminó *Orden* autorizando la intervención del señor **Resto León**.[10]

El 1 de marzo de 2021, el señor **Orizondo Álvarez-mena** presentó su *Contestación a "Demanda Intervención"*, negando las alegaciones en su contra; y alegó afirmativamente que, como consecuencia de la dación en pago efectuada en el 2017, el señor **Resto León** estaba imposibilitado de ceder la propiedad a terceros.[11]

Posteriormente, el 26 de marzo de 2021, se celebró la *Conferencia Inicial*. Mas tarde, el 8 de agosto de 2021, el señor **Resto León** presentó *Moción de Sentencia Sumaria* alegando, entre otras cosas, que el señor **Orizondo Álvarez-mena** no tiene legitimación activa para instar la causa de acción.[12] El 26 de agosto de 2021, el señor **Orizondo Álvarez-mena** presentó *Moción de Sentencia Sumaria Solicitando Desestimación de la Reconvención y Demanda de Intervención por Falta de Jurisdicción de este Tribunal por Cosa Juzgada* razonando que el foro primario carecía de jurisdicción para atender los reclamos de los señores **Urbina Echevarría** y **Resto León**.[13]

El 2 de septiembre de 2021, el señor **Orizondo Álvarez-mena** presentó *Oposición a "Moción de Sentencia Sumaria" Presentada por la Parte Interventora Eric Resto León* en la que sostuvo que la escritura número 90 sobre compraventa, cuyo objeto expreso lo fue la Parcela Diecinueve, es clara

---

[8] Véase Apéndice II de *Apelación*, págs. 331- 358.
[9] Véase entrada número 42 del expediente electrónico **CG2020CV01973** del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[10] Véase entrada número 46 del expediente electrónico **CG2020CV01973** del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[11] Véase Apéndice II de *Apelación*, págs. 359- 376.
[12] *Íd.*, págs. 1- 125.
[13] *Íd.*, págs. 156- 186.

y no requiere interpretación.[14] Después, el 27 de septiembre de 2021, los señores **URBINA ECHEVARRÍA** y **RESTO LEÓN** presentaron su *Oposición a "Moción de Sentencia Sumaria Solicitando Desestimación de la Reconvención y Demanda de Intervención por Falta de Jurisdicción de este Tribunal por Cosa Juzgada".*[15] Ese mismo día, la señora **URBINA ECHEVARRÍA** presentó su *Moción en Unión a Moción de Sentencia Sumaria Radicada por la Parte Interventora Eric Resto León y Solicitud de Vista de Daños.*[16] Al otro día, el 28 de septiembre de 2021, el señor **ORIZONDO ÁLVAREZ-MENA** presentó *Oposición a "Moción en Unión a Moción de Sentencia Sumaria Radicada por la Parte Interventora Eric Resto y Solicitud de Vista de Daños"* fundamentando que tal solicitud de desestimación es improcedente y reafirmando los argumentos de su oposición.[17]

Luego de varios incidentes procesales, el 6 de abril de 2022, se pronunció la *Sentencia Parcial.*[18] El 27 de abril de 2022, la señora **URBINA ECHEVARRÍA** y el señor **RESTO LEÓN** presentaron escrito intitulado *Moción Solicitando se Incluyan Hechos Incontrovertidos y en Solicitud Reconsideración.*[19] El 11 de septiembre de 2023, el foro primario intimó *Resolución* y de manera separada, dispuso la *Sentencia Parcial Enmendada* apelada.[20]

Inconforme con esta determinación, el 11 de octubre de 2023, los señores **URBINA ECHEVARRÍA** y **RESTO LEÓN** acudieron ante este foro revisor, mediante *Apelación* señalando el(los) siguiente(s) error(es):

> Erró el Tribunal de Primera Instancia al concluir que a) la parte apelante no cumple con el requisito de "posesión de buena fe" para la prescripción ordinaria; y b) no procede usucapir contra título inscrito.

---

[14] Véase Apéndice II de *Apelación*, págs. 126- 155.
[15] *Íd.*, págs. 187- 298.
[16] *Íd.*, págs. 299- 302.
[17] Véase entrada número 115 del expediente electrónico **CG2020CV01973** del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[18] Véase Apéndice I de *Apelación*, págs. 86- 127.
[19] Véase entrada número 129 del expediente electrónico **CG2020CV01973** del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[20] Véase Apéndice I de *Apelación*, págs. 56- 85.

Erró el Tribunal de Primera Instancia al no reconocer legitimación activa al Interventor Eric Resto León por haber renunciado a sus derechos con relación al predio 18 al suscribir la escritura de Dación en Pago con Lime Residential, LTD.

Erró el Tribunal de Primera Instancia en la apreciación de la prueba – con relación al plano de legalización del lote #19, y otra evidencia.

Erró el Tribunal de Primera Instancia, abusando de su discreción, al determinar, sin presentación de prueba pericial al respecto, que el presente caso se trata de una confusión de colindancias, asunto no alegado por ninguna de las partes.

El 13 de octubre de 2023, prescribimos *Resolución* concediendo término de treinta (30) días al señor **ORIZONDO ÁLVAREZ-MENA**, señora **PAGÁN SEDA** y a **FERNANDO JAVIER** para presentar su alegato en oposición.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A -

La *jurisdicción* se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. [21] Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. [22]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela

---

[21] *Payano v. SLG Cruz-Pagán,* 209 DPR 876, 889 (2022) (Sentencia)*; Metro Senior v. AFV,* 209 DPR 203, 208 (2022); *Allied Mgmt. Group. v. Oriental Bank,* 204 DPR 374, 385-386 (2020).
[22] *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 373 (2018).

voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[23]

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[24]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), "*sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*".[25] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[26]

De otro lado, la Regla 46 de las de Procedimiento Civil de 2009 dispone que el término jurisdiccional para apelar una sentencia comienza a transcurrir a partir de la fecha del archivo en autos de copia de su notificación a todas las partes.[27]

La Regla 65.3(c) de las de Procedimiento Civil de 2009 instituye los requisitos de notificación de una sentencia a aquellas partes en rebeldía que fueron emplazadas mediante edictos y nunca han comparecido en autos o de partes demandadas desconocidos. En estos casos (énfasis suplido):

> [...] el Secretario o Secretaria expedirá un aviso de notificación
> de sentencia por edictos para su publicación por la parte

---

[23] *Allied Mgmt. Group. v. Oriental Bank, supra*, pág. 386.
[24] *Id.,* págs. 386-387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).
[25] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).
[26] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra*.
[27] 32 LRPA Ap. V, R. 46.

demandante. El aviso dispondrá que éste, debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. **Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado.** Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del(de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.[28]

La falta de una notificación adecuada podría afectar el derecho de una parte a cuestionar la sentencia dictada, enervando así las garantías del derecho a un debido proceso de ley.[29] Debido a ello, el término jurisdiccional para apelar una sentencia que no se ha notificado adecuadamente no comienzan a decursar.[30]

La Regla 83(C) del Reglamento del Tribunal de Apelaciones consigna nuestra facultad para que, a iniciativa propia, se desestime una apelación o denegar la expedición de un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[31] "Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, ya que éste adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[32] Una vez un tribunal determina que no tiene *jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos"*.[33] Ello sin entrar en los méritos de la controversia ante sí.

---

[28] 32 LRPA Ap. V, R. 65.3 (c).
[29] *Falcón Padilla v. Maldonado Quirós,* 138 DPR 983, 990 (1995).
[30] *BPPR v. Andino Solís,* 192 DPR 172, 183 (2015).
[31] 4 LPRA Ap. XXII-B. Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*
[32] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018) (comillas omitidas).
[33] *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007).

- III -

En este caso, en noviembre de 2020, los señores **FERNANDO JAVIER ORIZONDO ÁLVAREZ-MENA** y **CARMEN DORIS PAGÁN SEDA fueron emplazados mediante edicto publicado** en el periódico The San Juan Daily Star. Ante ello, el 23 de noviembre de 2020, el señor **ORIZONDO ÁLVAREZ-MENA** remitió por correo certificado con acuse de recibo copia de la *Demanda* y emplazamiento por edicto a sus últimas direcciones conocidas que surgen de la *Moción Solicitando Emplazamiento por Edicto Bajo la Regla 4.6 de las de Procedimiento Civil Vigentes*. Los señores **FERNANDO JAVIER ORIZONDO ÁLVAREZ-MENA** y **CARMEN DORIS PAGÁN SEDA** no comparecieron; por lo que, se les anotó rebeldía.

El 6 de septiembre de 2023, se emitió la *Sentencia Parcial Enmendada* apelada que fuese notificada por **correo ordinario** a los señores **FERNANDO JAVIER ORIZONDO ÁLVAREZ-MENA** y **CARMEN DORIS PAGÁN SEDA.** Examinado el Apéndice del recurso, así como la entrada número 140 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC), nos hemos percatado que el tribunal *a quo* **no** emitió la hoja de notificación por edicto concerniente a la *Sentencia Parcial Enmendada*. En consecuencia, el señor **ORIZONDO ÁLVAREZ-MENA** no notificó la *Sentencia Parcial Enmendada* mediante publicación de edicto ni remitió a las últimas direcciones conocidas de los señores **CARMEN DORIS PAGÁN SEDA** y **FERNANDO JAVIER ORIZONDO ÁLVAREZ-MENA**, según requerido por la Regla 65.3(c) de las de Procedimiento Civil de 2009, *supra.* No existiendo la más mínima duda de que la *Notificación* del foro primario es defectuosa, procede que se emita una nueva *Notificación* en cumplimiento con las disposiciones legales aplicables.[34]

En conformidad con el marco jurídico antes enunciado, desestimamos la *Apelación* por tratarse de un recurso *prematuro* sobre el cual no podemos asumir *jurisdicción*. Este defecto en la notificación de la *Sentencia Parcial*

---

[34] Ello mediante el formulario *OAT 686 Notificación de Sentencia por Edicto*.

*Enmendada* provoca que los términos para acudir ante este foro revisor no hayan comenzado a transcurrir.

- **IV** -

Por los fundamentos antes expuestos, y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por ausencia de jurisdicción, el recurso de *Apelación* instado el 11 de octubre de 2023 por los señores **URBINA ECHEVARRÍA** y **RESTO LEÓN.** Una vez el foro de instancia efectúa la notificación adecuada de la *Sentencia Parcial Enmendada* dictaminada el 6 de septiembre de 2023, de así interesarlo, la parte apelante podrá recurrir nuevamente ante este foro revisor, dentro del término reglamentario para ello. A tenor con la Regla 83 (E) del Reglamento del Tribunal de Apelaciones, se le requiere a la Secretaría del Tribunal de Apelaciones proceder con el desglose de los apéndices del caso.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones