Hernández Torres, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos el Estado Libre Asociado de Puerto Rico, por conducto de la Oficina del Procurador General (en adelante parte peticionaria), y nos solicita la revisión de la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, dictada el 16 de abril de 2004, notificada y archivada en autos el 23 de abril de 2004. Mediante la misma, el foro recurrido declara No Ha Lugar la solicitud de la parte aquí peticionaria a los efectos de que se notifique nuevamente la sentencia dictada el 4 de octubre de 2001.
Luego de estudiados los hechos y el derecho aplicable, expedimos el auto de certiorari y revocamos la orden recurrida.
I
Allá para el 1995, el demandante Menashe Mashiach presentó una demanda sobre expropiación forzosa a la inversa y daños y perjuicios contra el E.L.A. Señaló que el Departamento de Recursos Naturales y Ambientales ocupó de forma ilegal unos predios de terreno que eran de su propiedad sin que el Estado hubiera prestado la justa compensación por los mismos. Alegó que el justo valor de los referidos terrenos ascendía a cerca del millón de dólares. El 2 de agosto de 1995, el E.L.A. presentó su contestación a la demanda.
Luego de varios trámites procesales, el juicio se celebró el 27 y 28 de junio de 2001. Ambas partes desfilaron su prueba sometiendo memorandos de derecho con posterioridad a la audiencia en su fondo. Así las cosas, el E.L. A. recibió una notificación del tribunal con fecha de 12 de febrero del 2002, concediéndole un término de 10 días para recoger la evidencia documental sometida en el caso, ya que la sentencia final se había dictado desde el 4 de octubre de 2001.
El 20 de febrero del 2002, compareció la parte aquí peticionaria, ante el tribunal. Solicitó que el dictamen emitido el 4 de octubre de 2001, le fuera formalmente notificado. Adujo que se enteró por primera vez de la sentencia por medio de la notificación enviada por el tribunal para que recogiera los documentos aludidos.
Mediante resolución cuyo archivo de copia se verificó el 12 de marzo del 2002, el foro recurrido rechazó el planteamiento. Se limitó a indicar que la sentencia había sido notificada desde el 16 de octubre del 2001. *1162 Inconforme, el E.L.A. solicitó reconsideración. Acompañó ocho (8) declaraciones juradas de distintos funcionarios del Departamento de Justicia que directa o indirectamente estaban relacionados con el trámite de recibo de documentos judiciales dirigidos a dicha agencia. Todos afirmaron que no habían recibido la sentencia que dispuso del caso.
Al no actuarse sobre la moción de reconsideración, acude ante nosotros mediante recurso. Atendido el mismo, emitimos resolución ordenando que se celebrase una vista evidenciaría para determinar si en efecto faltó la notificación apropiada al E.L.A.
El 7 de julio de 2003 y el 11 de noviembre de mismo año, se celebraron vistas. El 16 de abril de 2004, el Tribunal de Primera Instancia dictó resolución declarando No Ha Lugar la solicitud de la parte demandada, aquí peticionaria, a los efectos de que se notificase nuevamente la sentencia del 4 de octubre de 2001.
La peticionaria, inconforme con tal determinación, acude ante nos mediante recurso de certiorari y nos señala la comisión de varios errores por el Tribunal de Primera Instancia:

“Erró el Honorable Tribunal de Primera Instancia al determinar que la notificación de la sentencia emitida el 4 de octubre de 2001 no fue defectuosa, cuando de toda la prueba presentada y no rebatida se desprende claramente que el Estado no fue notificado de la sentencia en la fecha alegada.

Erró el Honorable Tribunal de Primera Instancia en la apreciación de la prueba (...)”.

El 7 de marzo de 2005, el recurrido, Menashe Mashiach, presentó su memorando en oposición. Por ello, con el beneficio de la comparecencia de todas las partes así como de la transcripción de las vistas evidenciarías del 7 de julio de 2003 y del 11 de noviembre del mismo año, nos encontramos en posición de resolver.
II
A. Notificación
Una vez dictada una sentencia, las Reglas de Procedimiento Civil le imponen al secretario del tribunal la obligación de notificarla cuanto antes a todas las partes afectadas y de archivar en autos una copia de la constancia de dicha notificación. Este deber de notificar las sentencias no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil. Su imperiosidad radica, además, en el efecto que tiene dicha notificación sobre los procedimientos posteriores a la sentencia. Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983, 989 (1995).
Cuando un tribunal de instancia deja de notificar un dictamen a una de las partes, los términos para acudir mediante el recurso adecuado ante el foro apelativo no comienzan a transcurrir hasta que se notifique a todas las partes en el pleito, pues hasta ese momento la sentencia no surte efectos. Rivera Meléndez v. Algarín Cruz, opinión de 14 de mayo de 2003, 2003 J.T.S. 80, pág. 1015; Falcón Padilla v. Maldonado Quirós, supra, págs. 989-990.
"La correcta notificación de una sentencia es característica imprescindible del debido proceso judicial." Rodríguez Mora v. García Lloréns, 147 D.P.R. 305 (1998). Cónsono con lo anterior, el Tribunal Supremo resolvió en Falcón Padilla v. Maldonado Quirós, supra, que resulta ineludible la notificación cabal a todas las partes para que la sentencia advenga final y firme y satisfaga el debido proceso de ley. La omisión de una oportuna y correcta notificación puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial. Id. A esos efectos, la Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 46, dispone:

"Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, 
*1163
las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar o solicitar revisión empezará a correr desde la fecha de su archivo. Si la fecha de archivo en autos de la copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo."

Además de esto, expone la Regla 24(E), 4 L.P.R.A. Ap. H-B, R. 24(E):

“E. El Secretario o la Secretaria deberá archivar en autos copia de las sentencias, órdenes o resoluciones y de la constancia de la notificación simultánea de las mismas a todas las partes dentro de un término no mayor de diez (10) días laborables de haberse recibido en Secretaría dichas sentencias, órdenes o resoluciones. El mismo día del archivo en autos de ésta, el secretario o la secretaria deberá depositar en el correo dicha notificación.”

Por su parte, la Regla 65.3 de Procedimiento Civil, 32 L.P.R.Á. Ap. Ill, R. 65.3, dispone, como sigue, con relación al procedimiento de notificación de órdenes y sentencias que:

“Regla 65.3. Notificación de órdenes y sentencias

(a) Inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario notificará tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de una orden o sentencia.”

Igual lee la porción pertinente de la Regla 67.2, 32 L.P.R.A. Ap. Ill, R. 67.2: "... La notificación por correo quedará perfeccionada al ser depositada en el correo".
B. Presunciones
Es norma establecida en nuestro ordenamiento jurídico evidenciario que la parte contra quien va dirigida una presunción no sólo tiene la obligación de presentar evidencia para impugnarla, so pena de que el juzgador quede obligado a inferir el hecho presumido, sino que tiene el peso de la prueba para persuadir al juzgador de que no ocurrió el hecho presumido. Hawayek v. A.F.F., 123 D.P.R. 526, 531 (1989); E.L. Chiesa, Práctica Procesal Puertorriqueña: Evidencia, San Juan, Publicaciones. J.T.S., 1983, Vol. I, pág. 44.
La Regla 16 de Evidencia, 32 L.P.R.A. Ap. IV, R. 16, establece algunas presunciones legales específicas. En el caso ante nos, son pertinentes las presunciones hechas por la Regla 16 en sus apartados (15) y (24) respectivamente, "que los deberes de un cargo han sido cumplidos con regularidad" y "que una carta dirigida y cursada por correo debidamente, fue recibida en su oportunidad". Por ser esto una presunción, la misma puede ser controvertida por la parte contra quien opera la misma.
Sin embargo, la Regla 10(H) de Evidencia, 32 L.P.R.A. Ap. IV, R. 10 H, por su parte, dispone que:

“Regla 10. Evaluación y suficiencia de la prueba

Cualquier hecho en controversia es susceptible de ser demostrado mediante evidencia directa o mediante evidencia indirecta o circunstancial. Se entiende por evidencia directa aquélla que prueba el hecho en controversia sin que medie inferencia o presunción alguna, y que de ser cierta demuestra el hecho de modo concluyente. Se entiende por evidencia indirecta o circunstancial aquélla que tiende a demostrar el hecho en controversia probando otro distinto, del cual -en unión a otros hechos ya establecidos-, puede razonable inferirse 
*1164
el hecho en controversia. ”

La evidencia circunstancial es intrínsecamente igual a la evidencia directa. Chévere v. Levis II, Opinión de 3 de noviembre de 2000, 2000 J.T.S. 175, a la pág. 357; Pueblo v. Ruiz Bosch, 127 D.P.R. 762, 788 (1991); Pueblo v. Ortiz Martínez, 116 D.P.R. 139, 145 (1985). La norma de derecho con respecto a la evidencia circunstancial es que procede que se de por probado un hecho a base de una inferencia cuando hay una relación racional entre ésta y el hecho básico probado. Chévere v. Levis II, supra. El caso de Berrios v. U.P.R., 116 D.P.R. 88, 100 (1985), citando a Zambrana v. Hospital Santo Asilo de Damas, 109 D.P.R. 517, 521 (1980), reitera que:

"[e]n muy raras ocasiones es posible determinar un hecho con certeza o exactitud matemática. Exigir ese tipo de prueba a un litigante equivaldría prácticamente a requerirle un imposible. Por ello, la ley y la jurisprudencia se limitan a requerir que los casos se prueben por preponderancia de prueba, que es tanto como establecer como hechos probados aquéllos que con mayores probabilidades ocurrieron ... No es necesario probar un hecho con exactitud matemática ...El demandante en una acción civil no está obligado a probar un caso más allá de duda razonable, tampoco se le exige, en casos de responsabilidad por culpa o negligencia, excluir toda otra posible causa de daños."

C. Los criterios de revisión judicial
La Ley de la Judicatura de 1994, según enmendada, creó un tribunal colegiado intermedio apelativo, con el propósito de determinar si el foro de primera instancia al dictar sus sentencias hizo una interpretación correcta del derecho positivo y condujo adecuadamente los procedimientos. En aquellos casos que se pruebe que el foro sentenciador incidió al aplicar la norma jurídica a la controversia que adjudicó, le corresponde al foro apelativo corregirla y dictar la sentencia que proceda en derecho. Véase, Art. 4.002, Ley de la Judicatura, 1994, 4 L.P.R.A. sec. 22k et seq.; Depto. de la Familia v. Shrivers Otero, 145 D.P.R. 351, 358 (1998); Sec. del Trabajo v. Puig & Abraham, opinión de 11 de diciembre de 2002, 2002 J.T.S. 156, pág. 345.
En cuanto a la apreciación de la prueba desfilada ante el tribunal de instancia, el alcance de la revisión judicial sobre cuestiones de hecho está regulado por lo dispuesto en la Regla 43.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 43.2, la cual en lo pertinente dispone que:

“Regla 43.2. Declaración de derechos probados y conclusiones de derecho

En todo pleito, el tribunal especificará los hechos probados y separadamente consignará sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda; y al conceder o denegar injunctions interlocutorios, el tribunal, de igual modo, consignará las determinaciones de hechos y conclusiones de derecho que constituyan los fundamentos de su resolución. Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos. Las determinaciones de hechos de un comisionado, en tanto en cuanto el tribunal las adopte, serán consideradas como determinaciones de hechos del tribunal. [...]”■

Por ello, el Tribunal Supremo ha establecido que no debemos intervenir con las determinaciones de hechos que hace un tribunal de instancia y sustituir su criterio por el del juzgador ante quien declararon los testigos y quien tuvo la oportunidad de verlos declarar y apreciar su demeanor, Ramos Acosta v. Caparra Dairy Inc, 113 D.P.R. 357, 365 (1982), a menos que se demuestre que dicho foro actuó con pasión, prejuicio o parcialidad. Colón v. Kmart, Opinión de 26 de junio de 2001, 2001 J.T.S. 98, a la pág. 1484; Trinidad v. Chade, Opinión de 18 de enero de 2001, 2001 J.T.S. 10, pág. 793; Mun. de Ponce v. Autoridad de Carreteras y Transportación, et. al., Opinión de 29 de diciembre de 2000, 2001 J.T.S. 3, a la pág. 658; Vélez v. Secretario de Justicia, 115 D.P. *1165 R. 533, 545 (1984). Así, la apreciación de la prueba efectuada por el Tribunal de Primera Instancia merece gran deferencia, por lo que en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio o parcialidad o error manifiesto, los tribunales de apelaciones no intervienen en cuanto al trasfondo fáctico determinado por instancia. Monllor Arzola v. Sociedad de Gananciales, 138 D.P.R. 600, 610 (1995); Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172, 181 (1985).
III
Somos conscientes de que existe una presunción de regularidad de los procedimientos judiciales. Asimismo, que el derecho vigente establece entre sus presunciones el recibo oportuno de un documento enviado por correo. Regla 16 apartados (15) y (24) respectivamente, de las Reglas de Evidencia para el Tribunal General de Justicia, 32 L.P.R.A. Ap. IV. Sin embargo, precisamente por ser presunciones, están sujetas a ser derrotadas mediante la presentación de prueba suficiente que establezca lo contrario.
Si es cierto que en los registros del correo interno del Centro Judicial no hay constancia alguna de la notificación de la sentencia, estos registros, tras leer las transcripciones, no parecen infalibles..
En el testimonio de Carmen Ana Torres, quien a la fecha de los hechos ocupaba el cargo de Secretaria Regional del Centro Judicial de Ponce, testifica que "en ocasiones la, las empleadas, lo llevan directamente al correo o en ocasiones, o la, la práctica normal es que se deposite en una caja que tenemos en Secretaría y el mensajero eh, equis período, en equis período del día, pasa por la Secretaría y recoge la correspondencia". (Moción Sometiendo Transcripción, Anejo II, pág. 13) El propio testimonio de la Sra. Torres (Moción Sometiendo Transcripción, Anejo II, pág. 12) y como también reconoce el Tribunal de Primera Instancia, Resolución de la cual se recurre (Certiorari, Anejo 1, pág. 6), que le corresponde a los Secretarios Auxiliares hacer la notificación, en este caso a la Sra. María Sánchez Orengo. Recordemos la Regla de Procedimiento Civil 65.3, supra, "...el secretario notificará tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67".
Más adelante, la Sra. Torres testifica en respuesta a la pregunta de Leda. Carmen M. López Rocafort, abogada del Departamento de Justica, División de Litigios Generales, de si podía certificar que el mensajero haya recibido la correspondencia de la Secretaría que: "Esa certificación, yo no pue, pues yo no superviso a los empleados de, del correo. Sí (sic) yo puedo garantizar de que el documento está en la Secretaría, nosotros nos encargamos de que se ubique en el espacio provisto para que el mensajero recoja la correspondencia lo lleve al correo". {Moción Sometiendo Transcripción, Anejo II, págs. 16-17). [Enfasis suplido]
En el testimonio de la Sra. María Sánchez Orengo, Secretaria Auxiliar de la Célula Civil, quien es la encargada de llevar a cabo las notificaciones en propiedad, debemos destacar las siguientes aseveraciones. A la página 21 de las transcripciones leemos: "...cuando termino de notificar dicha sentencia, cuando sale la notificación, por lo menos lo tiramos las notificaciones hoy, y nos salen mañana. Pues, entonces, nosotros nos encargamos de compaginar, ensobrar y procedemos a enviar fuera del tribunal". {Moción Sometiendo Transcripción, Anejo II, pág. 22). Nuevamente repite en dicho documento, en la página 24, que la notificación se tira y sale impresa para el día siguiente. A continuación, una breve muestra de la transcripción del testimonio de la Sra. Sánchez {Moción Sometiendo Transcripción, Anejo II, págs. 25-27):
“López-... Cuando usted dice que usted notifica, eso no es enviar la notificación, ¿es correcto?

Sánchez- Notificar es el proceso.

López- No es enviar la notificación. 
*1166
Sánchez- Notificar es el proceso como tal. Notificar pues ya sea una orden, la resolución el proceso es, al otro día es que se envía.

(...)

López-... ¿usted es la última persona que interviene con los sobres (sic) en la Secretaría?

Sánchez- Yo lo que hago es que ensobro y hay un cajón.

López- Uhum.

(...)

Sánchez- Y pongo mi paquete de sobres y ya de ahí en adelante.

López- Ajá.

Sánchez- No, intervengo más.

(...)

López- ...puede decir ah, ah, puede hablar de la fecha en que usted ensobró ese documento, pero no puede dar la fecha exacta en que ese documento salió de la oficina del correo hacia al correo. Verdad, que no.

Sánchez- No. ”

Aquí es importante recalcar la Regla 24, 4 L.P.R.A. Ap. II-B, R. 24(E) que lee: "El mismo día del archivo en autos de ésta, el secretario o la secretaria deberá depositar en el correo dicha notificación". [Enfasis nuestro]
El juez hace una doble presunción impermisible en derecho. Basándose en la presunción de que los deberes de un cargo han sido cumplidos con regularidad (32 L.P.R.A. Ap. IV, R. 16 (15), presume que se hizo el depósito de correo. En adición a ello, que se recibió la notificación, a pesar del claro testimonio en contrario de la parte apelante, ello constituye error manifiesto. No se puede presumir el hecho base en una presunción; éste tiene que ser probado por preponderancia de la prueba.
Según surge de las transcripciones, la parte peticionaria presentó prueba suficiente para controvertir las presunciones correspondientes y la parte demandante-recurrida nada proveyó para contrarrestar dicha impugnación. Bajo el palio de la Regla 43.2, supra, la cual lee "las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos", y dado a que la correcta notificación de una sentencia es característica imprescindible del debido proceso judicial, procedemos a dejar sin efecto las determinaciones hechas por el Tribunal de Primera Instancia.
IV
Por los fundamentos anteriormente expuestos, se expide el auto de certiorari, revocamos la resolución recurrida y ordenamos que se notifique la Sentencia del Tribunal de Primera Instancia, Sala Superior de Ponce, del 4 de octubre de-2001, a TODAS las partes por ella afectadas.
*1167 Lo acordó y manda el Tribunal y lo certifica la Secretaria de Tribunal de Apelaciones.
Laura M. Yélez Vélez
Secretaria del Tribunal de Apelaciones