ARAME FALCÓN PADILLA, MILADY CARRILLO VÁZQUEZ y la SOCIEDAD LEGAL DE GANANCIALES constituida por ambos, demandantes y recurridos, *v.* LUIS MALDONADO QUIRÓS, IRIS DOMÍNGUEZ MALDONADO y la SOCIEDAD LEGAL DE GANANCIALES compuesta por ambos, demandados y recurrentes.

*Número:* RE-93-250          *Resuelto:* 31 de julio de 1995

984

*Frank Carbó*, abogado de la parte recurrente; *Arlene Zambrana Ortiz*, abogada de la parte recurrida.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

La controversia que se ha de resolver en este caso es en cuanto a si una persona que haya sido emplazada mediante la publicación de edictos al amparo de la Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y que nunca haya comparecido en autos, deberá ser notificada del mismo modo de la sentencia en rebeldía recaída en el pleito. La situación fáctica del caso de autos nos brinda la oportunidad de establecer la norma al efecto.

I

El 18 de abril de 1984 la Sra. Iris Domínguez de Maldonado y su esposo el Sr. Luis Maldonado Quirós otorgaron un contrato de compraventa con los aquí recurridos para la compra de una propiedad por la suma de cincuenta mil dólares ($50,000). Éstos pagaron parte del precio estipulado, quedando a deber la suma de dieciocho mil dólares ($18,000). A esos efectos el Sr. Luis Maldonado Quirós otorgó un pagaré por la suma restante, la cual sería satisfecha en plazos anuales de dos mil dólares ($2,000). Posteriormente, los compradores incumplieron con la obligación referida al cumplirse el primero de dichos plazos.

Con motivo de estos hechos, el 18 de diciembre de 1985 los vendedores —la parte aquí recurrida— presentaron

una demanda para el cobro de dinero ante el Tribunal Superior, Sala de Carolina. Incluyeron, como parte demandada, a los esposos Maldonado-Domínguez y a la sociedad legal de gananciales compuesta por ambos. Alegaron que los demandados no habían satisfecho el plazo anual vencido a la fecha de la demanda, por lo cual, en virtud de las cláusulas del pagaré, la totalidad de la deuda resultaba vencida y exigible.

Una vez expedidos los emplazamientos correspondientes y con el propósito de diligenciarlos, el emplazador Juan Ramón Rivera Martínez visitó la residencia propiedad de los demandados. En dicha ocasión, el codemandado Luis Maldonado Quirós le informó que su esposa, Iris Domínguez de Maldonado, se encontraba fuera de Puerto Rico y que desconocía su dirección. Un vecino de los codemandados confirmó que hacía algún tiempo no veía a la Sra. Iris Domínguez.([1]) En consecuencia, el emplazador procedió a emplazar al codemandado Luis Maldonado Quirós en su carácter personal y en representación de la sociedad legal de gananciales.

Con posterioridad a dichas diligencias, y a tenor con la declaración del emplazador, el tribunal autorizó el emplazamiento de la codemandada Iris Domínguez mediante la publicación de edictos. Ello al amparo de la Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Ésta nunca compareció al pleito, por lo cual, a solicitud de la parte demandante, le fue anotada la rebeldía.

El codemandado Luis Maldonado Quirós compareció al pleito por sí y en representación de la sociedad legal de gananciales. Su abogado presentó una moción ante el tribunal de instancia en la cual hacía constar que la codemandada Iris Domínguez no estaba siendo representada por dicho abogado durante el procedimiento llevado a cabo.

---

([1]) Según se desprende de los autos ante nos, desde 1986 los codemandados habían iniciado los trámites de divorcio. El 8 de septiembre de 1989 la codemandada presentó una demanda de divorcio, en la cual alegaba la separación ininterrumpida durante más de cuatro (4) años.

Celebrados los trámites correspondientes, el 4 de julio de 1989 el tribunal de instancia dictó una sentencia que declaraba con lugar la demanda y condenaba a los codemandados a satisfacer la suma de ocho mil dólares ($8,000). El 6 de marzo de 1992 dicho foro dictó una sentencia enmendada *nunc pro tunc*, al único efecto de sustituir la cantidad de ocho mil dólares ($8,000) por la de dieciocho mil dólares ($18,000), cantidad realmente adeudada. Según surge de los autos, ni la sentencia original ni la sentencia enmendada *nunc pro tunc* fueron notificadas en forma alguna a la codemandada Iris Domínguez.

La sentencia recaída fue ejecutada sobre el inmueble propiedad de los codemandados.[2] El 2 de diciembre 1992 la propiedad referida fue llevada a subasta pública, que fue adjudicada, la buena pro y venta judicial, al licitador Marve, Inc.[3] El 9 de marzo de 1993 la codemandada Iris Domínguez solicitó al tribunal de instancia que decretase la nulidad de la subasta. Como fundamento de nulidad adujo el hecho de que no fue hasta febrero de 1993 cuando advino en conocimiento de la sentencia dictada, y de que su propiedad había sido enajenada mediante subasta pública y venta judicial. Alegó que advino en tal conocimiento cuando uno de los inquilinos de la propiedad referida le informó que otra persona pretendía cobrarle el canon de arrendamiento.[4]

El foro a quo dictó una resolución que declaraba sin lugar la referida solicitud de nulidad de subasta. Oportunamente, la codemandada solicitó reconsideración, la cual fue declarada no ha lugar por el foro sentenciador.

---

[2] La propiedad es una residencia situada en la Calle Leticia Núm. 4 ES-13, Urb. Villa Fontana, Carolina.

[3] Según consta de los autos del caso ante nos, la Autoridad de Energía Eléctrica tenía constituida la primera hipoteca sobre el inmueble ejecutado. Fue por ello que solicitó la intervención en el pleito de impugnación de subasta. Dicha intervención fue concedida por el foro a quo.

[4] Aparentemente no resultaba difícil ni oneroso averiguar la dirección de la recurrente para notificarle personalmente acerca de la sentencia, lo cual es la manera más efectiva de cumplir con el debido proceso de ley.

Inconforme con dicha determinación, la codemandada acudió ante nos para solicitar la revocación de la resolución y, por consiguiente, la anulación de la venta en subasta pública. Señala la comisión de los errores siguientes:

A. Erró el tribunal de instancia al permitir la ejecución de la sentencia y la subasta, sin la debida notificación de la sentencia a la codemandada-recurrente.

B. Erró el tribunal de instancia al aceptar como suficiente la publicación del aviso de subasta en la alcaldía de Carolina, el Centro Judicial de Carolina y la Colecturía de Carolina.

C. Erró el tribunal de instancia al permitir la subasta y adjudicación de la propiedad, aún cuando el aviso de subasta no informaba el precio mínimo de venta y aún cuando notificada tres fechas para subastar, se remató en la primera subasta por el importe de la sentencia.

D. Erró el tribunal de instancia al permitir la subasta y adjudicación de la propiedad por un precio que violenta los mejores intereses de la justicia. Solicitud de revisión, pág. 4.

Examinado el recurso presentado, decidimos considerarlo como una solicitud de *certiorari*. A esos efectos, el 25 de junio de 1993 concedimos un término al demandante recurrido para que mostrase causa

... por la cual no deba revocarse la resolución recurrida y dictarse sentencia en su lugar, anulando la venta judicial efectuada en ejecución de sentencia, por no haberse notificado de *tal sentencia* a la recurrente (en rebeldía) *mediante la publicación de edictos,* o sea, de la misma forma en que se le notificó de la demanda y fue emplazada. (Énfasis en el original.) Resolución de 25 de junio de 1993.

Habiendo comparecido ambas partes, y estando en posición de resolver el recurso, procedemos a así hacerlo.

II

El planteamiento medular formulado por la parte recurrente lo es la falta de notificación de la sentencia original dictada en rebeldía y la posterior sentencia enmendada *nunc pro tunc.* En vista de ello, entiende que dicha senten-

cia no podía surtir efecto alguno ni podía ser ejecutada. Coincidimos con la parte recurrente en que la omisión alegada fue cometida, por lo cual procede revocar la resolución recurrida.

En una sentencia se adjudican las controversias habidas en un pleito y se definen los derechos de las partes involucradas. *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642, 656 (1987). Una vez dictada una sentencia, las Reglas de Procedimiento Civil imponen al secretario del tribunal la obligación de notificarla cuanto antes a todas las partes afectadas y de archivar en autos una copia de la constancia de dicha notificación. Este deber de notificar las sentencias no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil. Su imperiosidad radica, además, en el efecto que tiene dicha notificación sobre los procedimientos posteriores a la sentencia.

A esos efectos, la Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:

> Será deber del secretario notificar a la brevedad posible dentro de las norma que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar o solicitar revisión empezará a correr desde la fecha de su archivo.[5]

Los remedios postsentencia son provistos por el ordenamiento procesal civil mediante estatutos. Es por ello que forman parte del debido proceso de ley. *Berríos v. Comisión de Minería*, 102 D.P.R. 228 (1974); *Arroyo Moret v.*

---

[5] La Regla 12(c) para la Administración del Tribunal de Primera Instancia, 4 L.P.R.A. Ap. II-A, dispone, además:

"El Secretario deberá archivar en autos copias de las sentencias, órdenes o resoluciones y de la constancia de la notificación de las mismas a todas las partes afectadas, dentro de un término no mayor de tres (3) días laborables de haberse enviado dichas sentencias, órdenes o resoluciones a la secretaría."

*F.S.E.*, 113 D.P.R. 379 (1982). En consecuencia, la falta de una notificación adecuada podría afectar el derecho de una parte a cuestionar la sentencia dictada, enervando así las garantías del debido proceso de ley.

En adición, la Regla 46 de Procedimiento Civil, *supra*, dispone específicamente que si no se cumple con el trámite de notificación de las sentencias, éstas no surtirán efecto alguno ni podrán ser ejecutadas. *Pueblo v. Hernández Maldonado*, 129 D.P.R. 472 (1991). Ello resulta ser una forma adicional de proteger los derechos de las partes, y nos demuestra una vez más la importancia de notificar las sentencias dictadas por el tribunal.

■ De otra parte, resulta pertinente señalar que los intereses sobre ciertas sentencias, que ordenan el pago de dinero, se computan a partir de la fecha cuando se dictó la sentencia y hasta que ésta sea satisfecha. 32 L.P.R.A. Ap. III. Ello abona a la necesidad de garantizar el que las partes advengan en conocimiento de que se ha dictado la sentencia lo antes posible y de la manera más eficaz. De otro modo las partes involucradas podrían verse afectadas de forma adversa.

Por su parte, la Regla 65.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III,[6] también establece el requisito de notificación del archivo en autos de la sentencia dictada. Determina, además, el procedimiento que se ha de seguir para llevar a cabo dicha notificación. A esos efectos, en su parte pertinente, dispone lo siguiente:

> (a) Inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario notificará tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cua-

---

[6] Dicha regla no tiene contraparte en las Reglas federales de Procedimiento Civil.

les se requiera por estas reglas una notificación del archivo de una orden o sentencia.

(b) *El secretario notificará el archivo de una orden o sentencia a las partes en rebeldía por falta de comparecencia remitiéndoles, cuando su identidad fuere conocida, copia de la notificación a la última dirección conocida, y, si su identidad fuere desconocida o figurare con un nombre ficticio a los fines de la tramitación del pleito, publicando una copia de la notificación en un periódico* de circulación general una vez por semana durante dos semanas consecutivas. La notificación se considerará hecha en la fecha de la última publicación.

(c) El secretario hará constar en la copia de la constancia de la notificación que una a los autos originales la fecha y forma en que se hizo la notificación y la persona o personas notificadas. (Énfasis suplido.) 32 L.P.R.A. Ap. III, R. 65.3.

■ Un examen de la disposición citada revela que en los casos de sentencias dictadas en rebeldía también existe la obligación de notificar el archivo en autos de dichas sentencias a todas las partes involucradas. Esto incluye a las partes que se encuentren en rebeldía por falta de comparecencia.

De la referida Regla 65.3 se pueden colegir dos (2) situaciones. Primero, cuando la parte en rebeldía por incomparecencia fuese de identidad desconocida o figurase con nombre ficticio, se efectuará la notificación de la sentencia *mediante la publicación de edictos*. En segundo lugar, cuando la identidad de la parte en rebeldía por incomparecencia fuese conocida, se remitirá la notificación de la sentencia a su última dirección conocida.

■ Es de notar, sin embargo, que existen diferentes situaciones de hecho que pueden dar lugar a que se dicte una sentencia en rebeldía por la incomparecencia de una parte cuya identidad fuese conocida. Entre estas situaciones se encuentran las siguientes: (1) cuando la parte ha sido emplazada personalmente, sin embargo, no presenta alegación alguna contra el remedio solicitado y nunca comparece en autos; (2) cuando la parte ha sido emplazada conforme lo dispone la Regla 4.5 de Procedimiento Civil,

*supra*,([7]) sin embargo, no presenta alegación alguna contra el remedio solicitado y nunca comparece en autos; (3) cuando la parte, en algún momento del procedimiento, deja de comparecer, luego de haber comparecido en autos originalmente.

No empece, la citada Regla 65.3 no distingue entre esta diversidad de situaciones, sino que otorga un trato igual a todas las partes de identidad conocida que se encuentren en rebeldía por falta de comparecencia en el pleito. Somos del criterio que éstas resultan ser circunstancias muy dispares que requieren tratamientos diferentes.

Debemos distinguir la situación especial en que la sentencia en rebeldía haya sido dictada contra una parte que nunca ha comparecido en autos, cuya identidad resulta conocida, pero que tuvo que ser emplazada mediante un edicto (al amparo de la Regla 4.5, *supra*), debido a que no pudo ser localizada personalmente en su última dirección conocida y se desconoce su paradero. En estos casos, el método de notificar la sentencia, remitiéndola a la última dirección conocida de tal persona, resulta ser un mecanismo completamente inadecuado e inoperante. Ello en vista de que si dicha persona no pudo ser localizada en su última dirección conocida al momento de diligenciar su emplazamiento y se desconoce su paradero, es lógico concluir que esa persona tampoco va a recibir la notificación de la sentencia en dicha dirección.

---

[7] La Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, en su parte pertinente, dispone:

"Cuando la persona a ser emplazada estuviere fuera de Puerto Rico, o estando en Puerto Rico, no pudiere ser localizada después de realizadas las diligencias pertinentes, o se ocultare para no ser emplazada, o si fuere una corporación extranjera sin agente residente, y así se comprobare a satisfacción del tribunal mediante declaración jurada, con expresión de dichas diligencias, y apareciere también de dicha declaración, o de la demanda jurada presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden disponiendo que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden disponiendo que el emplazamiento se haga por edicto."

■ Ante tal situación, y a la luz de todos los fundamentos previamente esbozados, establecemos como norma que en los casos cuando una parte haya sido emplazada por edictos a tenor con la Regla 4.5 de Procedimiento Civil, *supra*, por razón de que no pudo ser localizada en su última dirección conocida y se desconoce su paradero, dicha parte deberá ser notificada de la sentencia recaída en rebeldía por falta de comparecencia mediante la publicación de edictos, es decir, de la misma forma como fue notificada de la demanda en su contra. Debe advertirse que al adoptar dicha norma se fortalece el debido cumplimiento del requisito de notificación de las sentencias, lo cual garantiza las exigencias del debido proceso de ley.

No hay duda de que, como indicáramos en *Pueblo v. Hernández Maldonado*, supra, la notificación y el archivo en autos de una copia de la notificación de una sentencia, resulta ser una etapa crucial del proceso adjudicativo. "La correcta y oportuna notificación de las órdenes y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial." J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1979, Vol. II, pág. 436.

Ante tales expresiones, entendemos que la normativa antes expuesta resulta lógica y necesaria, ya que de esta manera logramos un equilibrio razonable entre los derechos de las partes involucradas en el pleito. En ese sentido, proveemos a la parte que nunca ha comparecido en autos, y que haya sido emplazada a tenor con Regla 4.5 de Procedimiento Civil, *supra*, una mayor oportunidad de advenir en conocimiento real de los términos de la sentencia dictada. Evitamos, además, que se lleve a cabo la ejecución

de una sentencia adversa sin que esta haya sido notificada adecuadamente.([8])

## III

Tomando en consideración las normas de derecho antes expuestas, pasemos a analizar los hechos del caso de epígrafe.

De éstos se desprende que el tribunal de instancia dictó sentencia que declaraba con lugar la demanda en cobro de dinero y condenaba a los codemandados a satisfacer la cantidad reclamada. Posteriormente dicho foro dictó una sentencia enmendada *nunc pro tunc.* No obstante, de la copia que obra ante nos, que notifica el archivo en autos de las referidas sentencias, no surge que éstas hubiesen sido notificadas en forma alguna a la codemandada Iris Domínguez.([9]) Por el contrario, surge que la notificación se hizo exclusivamente al abogado de la parte demandante recurrida y al abogado del codemandado Luis Maldonado

---

([8]) Adviértase que en el Proyecto de Reglas de Procedimiento Civil de 1994, Informe Final del Comité Asesor Permanente, Secretariado de la Conferencia Judicial de Puerto Rico, se propuso enmendar el texto vigente de la Regla 65.3(b), *supra,* para que en situaciones como las de autos se realice la notificación de la sentencia dictada mediante la publicación de edictos. A esos efectos el texto propuesto, en su parte pertinente, dispone lo siguiente:

"(c) El Secretario notificará a las partes en rebeldía el archivo en autos de copia de la notificación de una sentencia remitiéndoles, cuando su identidad fuere conocida y en algún momento compareciere en autos, copia de la notificación a la última dirección conocida y, si fuere emplazado conforme disponen las reglas 4.5 y 4.6 de Procedimiento Civil y nunca hubiere comparecido en autos, independientemente de que su identidad fuere conocida, desconocida o figurare con un nombre ficticio a los fines de la tramitación del pleito, publicando una copia de la notificación en un periódico de circulación general una sola vez. La notificación será considerada efectuada en la fecha de la publicación del edicto."

En el comentario a dicha regla se indica como propósito para tal enmienda dispensar un trato igual al demandado de identidad conocida que es emplazado por edicto y no ha comparecido en autos, y al demandado cuya identidad se desconoce o figure con nombre ficticio. Se indica, además, que ello robustece el debido proceso de ley al garantizar que, en el peor de los casos, el demandado quedará notificado de la sentencia de la misma forma como fue notificado de la demanda.

([9]) Nótese que el inciso (c) de la Regla 65.3, *supra,* impone el deber al secretario del tribunal de hacer constar en la copia de la constancia de la notificación y el archivo los nombres de las partes notificadas.

Quirós, ninguno de los cuales representaba a la codemandada en el pleito de cobro de dinero.([10])

A la luz de los hechos aludidos, es forzoso concluir que ni la sentencia que condenó a los codemandados a satisfacer lo adeudado, ni la posterior sentencia enmendada *nunc pro tunc* pasaron a ser finales y firmes y por ende ejecutables. La comparecencia de los recurridos no nos persuade a variar dicha determinación, toda vez que éstos no han demostrado que se hubiese cumplido con los requisitos de notificación exigidos por el ordenamiento procesal civil.

La contención de los recurridos es a los efectos de haber enviado copia de las sentencias dictadas al abogado, quien representó a la codemandada durante el pleito de divorcio iniciado por ésta en 1989. Sin embargo, ello no puede sustituir la notificación que exigen las Reglas de Procedimiento Civil. La razón es obvia, la parte codemandada no estaba siendo representada por dicho abogado durante el pleito para el cobro de dinero.([11])

En adición, alegan los recurridos haber enviado una copia de la sentencia dictada a cierta dirección informada por la recurrente durante el pleito de divorcio como una de las propiedades pertenecientes a la sociedad legal de gananciales compuesta por ésta y su excónyuge. Sin embargo, ello tampoco satisface los requisitos de notificación. El hecho de que dicha dirección correspondiese a una de las propiedades de la sociedad legal de gananciales no significa que ésta fuese, en efecto, la última dirección conocida de la recurrente.

■ Ante este cuadro de circunstancias, aun si inter-

---

([10]) Adviértase que el abogado del codemandado hizo constar expresamente ante el foro a quo que la codemandada Iris Domínguez no estaba siendo representada por él.

([11]) La Regla 67.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, en su parte pertinente, dispone lo siguiente:

"Siempre que una parte haya comparecido representada por abogado, la notificación se hará al abogado, a menos que el tribunal ordene que la notificación se haga a la parte misma."

pretamos la Regla 65.3 de Procedimiento Civil, *supra*, de la manera más favorable a los recurridos, y omitiéramos la aplicación de la normativa aquí establecida a este caso, procede revocar la resolución recurrida. Ello en vista de que las sentencias dictadas en el caso de autos no fueron notificadas a la parte recurrente de manera alguna y, por lo tanto, no eran ejecutables, siendo la venta judicial efectuada en ejecución de éstas. A fin de cuentas, la parte —a quien beneficie la sentencia— debe ser la más interesada en que ésta sea notificada a la parte perdidosa. Para que no existan situaciones como la de autos, la parte victoriosa debe velar para que se dé el debido cumplimiento al requisito de notificación de las órdenes y sentencias. Véase *Valiente & Co. v. Sucn. Fuentes*, 51 D.P.R. 327, 331 (1937).

En síntesis, y a la luz de todo cuanto antecede, *se revocará la resolución recurrida y se anulará la venta judicial efectuada en ejecución de la sentencia dictada por el foro a quo. Habiendo ya comparecido la codemandada en este caso asistida de abogado, y atendidas las normas interpretativas de las reglas procesales contenidas en la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, se notificará a su abogado de las sentencias dictadas por el foro de instancia de forma tal que tenga la oportunidad de agotar los remedios postsentencia a su alcance, de así interesarlo. Esta determinación hace innecesaria la discusión de los restantes errores alegados por la parte recurrente.*