ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| OSCAR CRESPO PAGÁN<br><br>APELADO<br><br>v.<br><br>MONSERRATE ROSARIO ROSARIO<br><br>APELANTE | KLAN202500268 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.: HA2023CV00251<br><br>Sobre: Desahucio y Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y el Juez Campos Pérez[1]

**Ortiz Flores, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Comparece la señora Monserrate Rosario Rosario (Sra. Rosario; apelante) mediante el recurso de apelación de epígrafe y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI) el 13 de diciembre de 2023 y notificada por segunda vez el 6 de febrero de 2025.

Por los fundamentos que expondremos a continuación, desestimamos el presente recurso por falta de jurisdicción.

**I**

El 16 de agosto de 2023 el señor Oscar Crespo Pagán (Sr. Crespo; apelado) presentó ante el TPI una *Demanda* en concepto de desahucio sumario y cobro de dinero.[2] Luego de celebrado el juicio en su fondo, donde se presentó prueba oral y documental, el foro primario emitió *Sentencia* el 13 de diciembre y esta fue notificada al día siguiente 14 de diciembre de 2023.[3] En su dictamen el TPI declaró Ha Lugar la acción de desahucio y condenó a la apelante a

---

[1] Mediante la Orden Administrativa OATA-2025-045 se modifica la integración del Panel.
[2] Apéndice del recurso, págs. 38-43.
[3] Apéndice del recurso, págs. 1-6.

pagar la suma de $1,600.00. Además, impuso una penalidad de pago de $400.00 mensuales a partir del mes de noviembre por cada mes que no desalojara la propiedad. También fijó la fianza en apelación por la cantidad de $1,600.00.

La Sra. Rosario oportunamente recurrió ante este foro revisor en apelación. Atendido el caso, el 18 de junio de 2024 y notificada el 21 de junio de 2024, emitimos una *Sentencia* donde resolvimos confirmar al foro primario, pero modificamos lo dispuesto en cuanto al pago mensual de $400.00 que aumentaría a partir del mes de noviembre. Fundamentamos nuestro razonamiento en que, al no haber existido contrato de arrendamiento alguno entre las partes, correspondía consultar un perito respecto a la cantidad mensual a adjudicar, por lo que dejamos esta sin efecto.[4] Luego de denegado por el Tribunal Supremo un recurso de *certiorari* y reconsideración presentada, dicha decisión advino final y firme el 20 de noviembre de 2024.[5]

Así las cosas, el 24 de enero de 2025 el Sr. Crespo presentó ante el TPI una *Moción Solicitando Lanzamiento*.[6] Por su parte, en esta misma fecha, la Sra. Rosario presentó un *Oposición a Lanzamiento y Urgente Relevo de Sentencia*.[7] Allí, la apelante solicitó que la *Sentencia* dictada por el TPI fuese relevada ya que esta había sido notificada a las partes del caso, al Departamento de la Vivienda y a la Secretaria del Departamento de la Familia, pero no al Procurador de Personas de Edad Avanzada a pesar de que correspondía hacerlo. Al respecto, el TPI emitió el 6 de febrero de 2025 una *Resolución* donde determinó lo siguiente:

> La Sentencia dictada en el caso de autos no contiene ninguna determinación de hechos de la cual se pueda determinar la edad de la demandada, sin embargo, hemos escuchado la regrabación de la vista celebrada el 6 de octubre de 2023 y surge que la Sra. Rosario nació

---

[4] Apéndice del recurso, págs. 59-67.
[5] Apéndice del recurso, págs. 68-71.
[6] Apéndice del recurso, pág. 73.
[7] Apéndice del recurso, págs. 74-76.

el 10 de octubre de 1943, por lo que podemos concluir que a la fecha de la vista esta tenía aproximadamente setenta y nueve años de edad. Aun cuando no se notificó la Sentencia a la Oficina del Procurador de Personas de Edad Avanzada, entendemos que esto solo representa un problema de notificación y no uno que acaree la nulidad de la Sentencia. En este sentido, declaramos NO HA LUGAR el relevo de sentencia solicitado. **Se ordena a Secretaria la notificación de la Sentencia dictada en el presente caso a todas las partes, al Secretario del Departamento de la Vivienda, a la Secretaria del Departamento de la Familia así como al Procurador de las Personas de Edad Avanzada.** Deberá el Procurador presentar un informe donde indique las ayudas disponibles para la Sra. Rosario. Se declara NO HA LUGAR en estos momentos el lanzamiento solicitado.[8] (Énfasis nuestro.)

Al haberse notificado nuevamente el 6 de febrero de 2025 la *Sentencia* dictada el 13 de diciembre de 2023, la Sra. Rosario presentó una *Moción de Reconsideración y Nuevo Juicio* el 20 de febrero de 2025.[9] Esta fue declarada No Ha Lugar el 26 de febrero de2025 y notificada el 28 de febrero de 2025.[10] La apelante entonces decidió recurrir ante este foro en apelación, pero nuevamente en cuanto a la *Sentencia* emitida el 13 de diciembre de 2023. El recurso de epígrafe fue presentado el 31 de marzo de 2025 y en esta ocasión expone los siguientes señalamientos de error:

A. Erró el TPI al decretar un desahucio sin jurisdicción ya que faltaba parte indispensable porque la APELANTE posee para la sucesión, quien no tiene personalidad jurídica propia.

B. Erró el TPI al decretar un desahucio aunque existe un palpable 'conflicto de título' qu[e] hace improcedente la causa de acción ejercitada, tal como quedó demostrado por la prueba que desfiló en juicio plenario, suficiente para tender a demostrar que la apelante tiene algún derecho a ocupar el inmueble y que tiene un título tan bueno o mejor que el del demandante, debiendo dicho conflicto ser resuelto en un juicio ordinario.

C. Erró el TPI al hacer caso omiso a la defensa levantada en la contestación sobre el derecho de retención que le asiste a la APELANTE como edificante de buena fe, en cuanto a lo cual se pasó prueba que no fue refutada ni impugnada.

D. Fue un error perjudicial para la apelante no permitirle testificar en cuanto a las mejoras[,] indicándole a la APELANTE que debió pedir que el

---

[8] Apéndice del recurso, págs. 77-78.
[9] Apéndice del recurso, págs. 7-35.
[10] Apéndice del recurso, págs. 36-37.

proceso se convirtiera en ordinario, aun cuando dicho testimonio era parte de las defensas de la APELADA.

E. Incurrió el TPI en error manifiesto [y] perjuicio, lo cual amerita la intervención de este Honorable Foro, ya sea para revocar y ordenar la desestimación [o] para ordenar un nuevo juicio.

F. Erró el TPI al imponer $1,600.00 por el "uso de la propiedad" sin justificación alguna.

El 3 de abril de 2025 emitimos una *Resolución* donde concedimos al apelado hasta el 30 de abril de 2025 para presentar su alegato. El 28 de abril de 2025, el Sr. Crespo compareció mediante la moción titulada *Solicitud de Desestimación de Apelación por Falta de Jurisdicción por Presentación Fuera del Término*. Ante lo expuesto, nos encontramos en posición de resolver.

**II**

**A**

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que tenemos el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otro. *Lozada Sánchez v. JCA*, 184 DPR 898, 994 (2012); *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86, 97 (2011). La falta de jurisdicción no es susceptible de ser subsanada por ningún tribunal, ni pueden las partes conferírsela cuando no la tienen. *Lozada Sánchez v. JCA, supra*, págs. 994-995; *Ponce Fed. Bank v. Chubb LIfe Ins. Co., supra*, pág. 332. Ello así, la jurisdicción no se presume. Los tribunales no tienen discreción para asumir jurisdicción donde no la hay, por lo que "cuando un tribunal dicta una sentencia sin tener jurisdicción sobre las partes o la materia, su decreto es uno jurídicamente inexistente o *ultra vires*". *Maldonado v. Junta*, 171 DPR 46, 55 (2007); *Empress Hotel, Inc. v. Acosta*, 150 DPR 208, 212 (2000).

Un recurso tardío, al igual que uno prematuro, sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. *Hernández v. Marxuach Const. Co.*, 142 DPR 492, 495

(1997); *Pérez v. C.R. Jiménez, Inc.*, 148 DPR 153, 154 (1999). Por ende, su presentación carece de eficacia y no surte ningún efecto jurídico, ya que no existe autoridad judicial para acogerlo. *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico resolvió que, como parte del debido proceso de ley en su vertiente procesal, la notificación de los dictámenes judiciales guarda absoluta relación con el formulario administrativo correcto, según diseñado por la Oficina de Administración de Tribunales (OAT) a ser remitido a las partes concernidas, así como a sus abogados. *Dávila Pollock et als. v. R.F. Mortgage, supra.* Recalcó, además, el Tribunal Supremo que "los tribunales tienen la obligación de notificar correctamente las resoluciones, órdenes y sentencias a todas las partes en el pleito, para que así conozcan y estén notificados del término para acudir en revisión". *Id.*, pág. 97; Véase, además, *Falcón Padilla v. Maldonado Quirós*, 138 DPR 983 (1995). Así pues, "[l]a falta de una debida notificación podría afectar el derecho de una parte a cuestionar el dictamen emitido y debilita las garantías del debido proceso de ley". *Id.*, pág. 94; *Río Const. Corp. v. Mun. De Caguas*, 155 DPR 394, 405-406; *Martínez, Inc. v. Abijoe Realty Corp.,* 151 DPR 1, 8 (2000); *Falcón Padilla v. Maldonado Quirós, supra.*

**B**

El desahucio es un procedimiento especial de naturaleza sumaria cuyo objetivo principal radica en recuperar la posesión de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detente. *Mora Dev. Corp v. Sandín*, 118 DPR 733 (1987); *C.R.U.V. v. Román*, 100 DPR 318, 321 (1971). Tienen acción para promover el desahucio los dueños de una finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes. Código de Enjuiciamiento Civil de Puerto Rico, Art. 620, 32 LPRA Sec.

2821. Dicha acción procede "contra los inquilinos, colonos y demás arrendatarios, los administradores encargados, porteros o guardas puestos por el propietario en sus fincas, y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna". Código de Enjuiciamiento Civil, Art. 621, 32 LPRA sec. 2822. Al estar revestido por un carácter sumario sus términos procesales son más cortos. Por tal motivo, el Artículo 629 del Código de Enjuiciamiento Civil exige que "[l]as apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados". Código de Enjuiciamiento Civil, Art. 629, 32 LPRA sec. 2831.

## C

La doctrina de la Ley del caso o *stare decisis* establece que, como norma general, los tribunales deben seguir sus decisiones en casos posteriores. *Pueblo v. Díaz De León*, 176 DPR 913, 921 (2009). Esto se fundamenta con la necesidad de lograr estabilidad y certidumbre legal para así evitar perpetuar errores. *Am. Railroad Co. v. Comisión Industrial*, 61 DPR 314, 326 (1943). **Es por tal razón, que las controversias adjudicadas de forma final por un foro primario o apelativo no pueden rexaminarse.** *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1 (2016).

En el ámbito de los tribunales de carácter apelativo, se considera la Ley del caso aquellas determinaciones hechas por este respecto a aquellas cuestiones consideradas y decididas, que, a su vez, obligan "tanto al tribunal de instancia como al que las dictó si el caso vuelve ante su consideración". *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005); *Srio. del Trabajo v. Tribunal Superior*, 95 DPR 136 (1967).

No obstante, y a pesar de lo anterior, en casos donde existen situaciones excepcionales si el caso vuelve a consideración del foro apelativo y "este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, puede aplicar una norma de derecho distinta". *Pueblo v. Serrano Chang, supra* en la pág. 653.

**III**

La apelante acude ante nosotros solicitando que revisemos por segunda ocasión la *Sentencia* emitida por el TPI el 13 de diciembre de 2023. Tal y como reseñamos en el tracto procesal del caso, ya habíamos atendido una apelación de la Sra. Rosario acerca del mismo dictamen donde decidimos modificar y confirmar. No obstante, esta fue re-notificada el 6 de febrero de 2025 por las razones antes expuestas.[11] Ante lo mencionado, huelga recordar que dicho proceso fue ventilado por la vía sumaria y nunca fue convertido a ordinario. Ello implica que el término jurisdiccional para apelar de una sentencia producto de un caso como tal es de cinco (5) días laborables, según expone la ley. Al haberse notificado la *Sentencia* nuevamente, la apelante tenía hasta el jueves 13 de febrero de 2025 para oportunamente acudir ante nosotros.[12] Sin embargo, no fue hasta el 31 de marzo de 2025 que presentó su recurso. A raíz de lo expuesto, nos resulta forzoso concluir que no poseemos jurisdicción para atender el presente recurso.

En la alternativa, suponiendo que ostentamos jurisdicción, nuestro dictamen no sería distinto al que emitimos el 18 de junio de 2024. Al amparo de la doctrina de la ley del caso, nos reiteramos en nuestra decisión puesto que no nos encontramos ante un caso que

---

[11] Apéndice del recurso, pág. 1.
[12] Destacamos que la moción de *Reconsideración y Nuevo Juicio* presentada por la apelante no tuvo el efecto de interrumpir el término jurisdiccional de apelación, puesto que nuestro más Alto Foro ha resuelto que dicho trámite procesal es incompatible con los procesos sumarios. Véase *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439 (2016) y *Medina Nazario v. MacNeill Healthcare LLC,* 194 DPR 723 (2016).

posee situaciones excepcionales que causen una grave injusticia y, por tanto, amerite aplicar una norma de derecho distinta a la inicialmente adjudicada.

**IV**

Por lo antes expuesto, desestimamos el recurso por falta de jurisdicción ante su presentación tardía.

Notifíquese.

Lo acordó el Tribunal y manda la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones