ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**[1]

| | | |
|---|---|---|
| **JOSÉ BASSAT VÉLEZ** DEMANDANTE(S)-APELANTE(S) V. **SUCN. ANTONIO VALENTÍN VEGA** DEMANDADA(S)-APELADA(S) | **KLAN202500089** | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **MAYAGÜEZ** Caso Núm.: **ISCI2015-01340 (207)** Sobre: Daños por Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 21 de julio de 2025.

Comparece ante este Tribunal de Apelaciones, el señor **JOSÉ BASSAT VÉLEZ, NORMA I. LORENZO RAMÍREZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS** (señor **BASSAT VÉLEZ Y OTROS**) mediante *Apelación* incoada el 6 de febrero de 2025. En su recurso, nos solicita que revisemos la *Sentencia Enmendada* dictada el 30 de diciembre de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez.[2] En dicha decisión judicial, el foro apelado declaró no ha lugar la *Demanda Enmendada* interpuesta el 1 de agosto de 2017 por el señor **BASSAT VÉLEZ Y OTROS,** y al amparo de la Regla 39.2(c) de las de Procedimiento Civil de 2009 se desestimó, con perjuicio, la *Reconvención* entablada por la **SUCESIÓN ANTONIO VALENTÍN VEGA (SUCN. VALENTÍN VEGA)** junto a MARÍA ALICIA VEGA RIVERA en su cuota viudal usufructuaria.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre *Designación de Paneles en el Tribunal de Apelaciones*.
[2] Este dictamen judicial fue notificado y archivado en autos el 14 de enero de 2025. Apéndice de la *Apelación*, págs. 1- 43.

Número Identificador: SEN2025_____

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- I -

El 29 de octubre de 2015, el señor **BASSAT VÉLEZ Y OTROS** instaron una *Demanda* sobre incumplimiento de contrato, y daños y perjuicios contra la **SUCN. VALENTÍN VEGA** y MARÍA ALICIA VEGA RIVERA.[3]

Luego de varios trámites legales, el 17 de marzo de 2016, se presentó *Moción Solicitando Autorización para Enmendar Demanda* acompañada de la *Demanda Enmendada* para incluir al señor LESLIE BASSAT LORENZO (señor BASSAT LORENZO) como co-demandante.[4]

El 26 de abril de 2016, la señora **MARÍA ALICIA VEGA RIVERA** (señora **VEGA RIVERA**) presentó su *Contestación a la Demanda Enmendada, Defensas Afirmativas y/o Especiales y Reconvención*.[5] Poco después, el 17 de mayo de 2016, el señor **BASSAT VÉLEZ Y OTROS** presentaron una *Réplica a Reconvención* negando la mayoría de las alegaciones.[6]

Durante el transcurso de los procedimientos, el señor **ANTONIO VALENTÍN VEGA** falleció. Así las cosas, el 1 de agosto de 2017, el señor **BASSAT VÉLEZ Y OTROS** presentaron *Moción en Cumplimiento de Orden, Solicitud de Enmendar Demanda para Sustitución de Parte y para que se Expidan Emplazamientos* ello para sustituir al señor **ANTONIO VALENTÍN VEGA** por sus hijos.[7] Dicho documento estaba acompañado de la *Demanda Enmendada*.[8]

Más tarde, el 29 de diciembre de 2017, la **SUCN. VALENTÍN VEGA** presentó *Moción Explicativa Informando Presentación de Contestación a la Demanda Enmendada y Oposición Solicitud de Señalamiento de Caso* en la cual solicitó que se declarara no ha lugar la solicitud de anotación de rebeldía.[9] Ese mismo día, la **SUCN. VALENTÍN VEGA** presentó su *Contestación*

---

[3] Apéndice de la *Apelación*, págs. 44- 45.
[4] *Íd.*, págs. 46- 47 y 48- 49.
[5] *Íd.*, págs. 50- 53.
[6] Apéndice de la *Apelación*, págs. 54- 55.
[7] *Íd.*, págs. 60- 61.
[8] *Íd.*, págs. 62- 64.
[9] Apéndice de la *Apelación*, págs. 65- 66.

*a la Demanda Enmendada Presentada el Primero de Agosto de 2017, Defensas Afirmativas y/o Especiales* en la cual negaron la mayoría de las alegaciones.[10]

Por su parte, el 16 de enero de 2018, el señor **BASSAT VÉLEZ Y OTROS** presentaron su *Réplica a Reconvención* exponiendo que le solicitaron al señor **ANTONIO VALENTÍN VEGA** el reembolso de unos gastos por segregación y se le había pagado mediante cheque.[11]

A esos efectos, el 22 de enero de 2018, se emitió *Resolución y Orden* declarando no ha lugar la solicitud de anotación de rebeldía; acogiendo la petición de sustitución de parte; y requiriéndole a la secretaria proceder con la enmienda del epígrafe del caso.[12]

Celebrado el juicio en su fondo, el 26 de septiembre de 2024, se dictaminó *Sentencia*.[13] Dada las circunstancias, el 8 de octubre de 2024, el señor **BASSAT VÉLEZ Y OTROS** presentaron *Moción en Solicitud de Reconsideración* peticionando la corrección de algunas de las determinaciones de hechos.[14] El 9 de octubre de 2024, la **SUCN. VALENTÍN VEGA** presentó su *Moción para que se Hagan Determinaciones Adicionales de Hechos [...] y Moción de Reconsideración [...]*.[15] Por consiguiente, el 10 de octubre de 2024, se decretó *Sentencia Enmendada Nunc Pro Tunc*.[16] En la misma fecha, se prescribió *Resolución y Orden*.[17]

Posteriormente, el 30 de diciembre de 2024, el foro primario dispuso la *Sentencia Enmendada* apelada. Insatisfecho, el 24 de enero de 2025, el señor **BASSAT VÉLEZ Y OTROS** presentaron *Moción de Reconsideración*.[18] En consecuencia, el 28 de enero de 2025, el foro primario determinó *Resolución y Orden*.[19]

---

[10] *Íd.*, págs. 67- 70.
[11] *Íd.*, págs. 71- 72.
[12] *Íd.*, págs. 74- 75.
[13] Apéndice de la *Apelación*, págs. 88- 142. El juicio se llevó a cabo desde el 19 de enero de 2021 hasta el 21 de enero de 2021 y el 17 de febrero de 2021.
[14] *Íd.*, págs. 143- 146.
[15] *Íd.*, págs. 202- 211.
[16] *Íd.*, págs. 147- 201.
[17] Apéndice de la *Apelación*, págs. 224- 226.
[18] *Íd.*, págs. 227-249.
[19] Apéndice de la *Apelación*, págs. 250- 251.

En vista de eso, el 6 de febrero de 2025, el señor **BASSAT VÉLEZ Y OTROS** recurrieron ante este foro intermedio revisor mediante *Apelación* señalando el(los) siguiente(s) error(es):

> El Tribunal de Primera Instancia erró al no considerar que la Declaración Jurada suscrita por el Sr. Antonio Valentín Vega el 18 de diciembre de 2013 ante el Lcdo. Félix González Martínez es una Declaración Unilateral de Voluntad.
>
> El Tribunal de Primera Instancia erró al no considerar dentro de los requisitos de Declaración Unilateral de Voluntad que Antonio Valentín Vega tenía la capacidad suficiente para conocer a lo que se comprometía en la Declaración Jurada al haber sido Alcalde de Añasco por quince (15) años, educador y proyectista.
>
> El Tribunal de Primera Instancia abusó de su discreción al no declarar la Declaración Jurada suscrita por el Sr. Antonio Valentín Vega el 18 de diciembre de 2013 como Declaración Unilateral de [Voluntad] a pesar de cumplir con los [seis] (6) criterios establecidos por el derecho.
>
> El Tribunal de Primera Instancia erró al no considerar de la prueba documental recibida que el demandante tomó la decisión de realizar el negocio jurídico de Segregación y Compraventa Condicional cuando el Sr. Antonio Valentín Vega le muestra el comunicado a ARPE de fecha del 29 de mayo de 2008 dirigido al Ing. Humberto Rivera, donde como condición *sine qua non* tenía que someter los endosos de AAA y AEE.

El 12 de febrero de 2025, pronunciamos *Resolución* concediendo un término de treinta (30) días para presentar su alegato en oposición a la **SUCN. VALENTÍN VEGA**. En breve, el 26 de febrero de 2025, la **SUCN. VALENTÍN VEGA** presentó una *Moción de Desestimación por Falta de Jurisdicción* arguyendo el incumplimiento de la Regla 65.3 de las de Procedimiento Civil de 2009. El 4 de marzo de 2025, intimamos *Resolución* confiriendo un plazo de diez (10) días para exponer posición sobre la solicitud de desestimación del recurso al señor **BASSAT VÉLEZ Y OTROS.** El 6 de marzo de 2025, el señor **BASSAT VÉLEZ Y OTROS** presentaron *Moción Informativa sobre Notificación de Edicto y de Escrito de Apelación*. El 10 de marzo de 2025, el señor **BASSAT VÉLEZ Y OTROS** presentaron *Réplica en Oposición a "Moción de Desestimación por Falta de Jurisdicción" y en Cumplimiento de Orden* exponiendo: "tomamos conocimiento que la notificación de Sentencia Enmendada por Edicto no había sido debidamente publicada, ya que la misma fue recibida en la

transición de la parte apelante contratar a la abogada suscribiente. Inmediatamente, se procedió a solicitar la notificación por Edicto al periódico *The San Juan Star*. El 17 de febrero fue publicada en rebeldía- el co-demandado Antonio Valentín Ceferino- fuera debidamente notificado a pesar de haberle sido anotada la rebeldía por incomparecencia". En seguida, el 14 de marzo de 2025, el señor **BASSAT VÉLEZ Y OTROS** presentaron *Moción Informativa sobre Evidencia de Notificaciones a Parte Co-Demandada en Rebeldía, Sr. Antonio Valentín Ceferino* incluyendo como anejo copia de los recibos de *Certified Mail Receipt* ponchados por el servicio postal el 4 de marzo de 2025 y las tarjetas de acuse de recibo (PS Form 3811) firmadas. Simultáneamente, 14 de marzo de 2025, la **SUCN. VALENTÍN VEGA** presentó su *Alegato de la Demandada Apelada*.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de todas las partes, nos encontramos en posición de adjudicar. Presentamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

- II -

- A - *Jurisdicción*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[20] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[21] Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[22]

Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y

---

[20] *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).
[21] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).
[22] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267- 268 (2018).

desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[23]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[24]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[25] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[26]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[27] "Una vez un tribunal determina que no tiene *jurisdicción*,

---

[23] *FCPR v. ELA et al., supra*; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

[24] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101- 102 (2020).

[25] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[26] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra*.

[27] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley*

"procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[28] Ello sin entrar en los méritos de la controversia ante sí.

### - B – *Notificación de Sentencia*

La etapa de la notificación de la sentencia es decisiva en el proceso adjudicativo y, por consiguiente, una notificación defectuosa afecta los procedimientos posteriores a la sentencia.[29] De este modo, una sentencia final que no es notificada en conformidad a las Reglas no puede advenir firme, por lo que, no se podrá ejecutar. La Regla 65.3 (a) de las de Procedimiento Civil de 2009 instituye:

> (a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o Secretaria notificará tal archivo en la misma fecha a **todas las partes** que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo en autos de una orden, resolución o sentencia.[30]
> [...]

Empero, la Regla 65.3 (c) de las de Procedimiento Civil de 2009, amplió el requisito procesal de notificación por *edicto* de las sentencias a las partes en **rebeldía** que no comparecían al pleito.[31] A esos efectos la precipitada Regla concreta:

> (c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. En el caso de partes en rebeldía que fueron emplazadas personalmente y nunca comparecieron, se le notificará la sentencia a la última dirección conocida. En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación. **En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia**

---

sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".

[28] *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 385.
[29] *Falcón Padilla v. Maldonado Quirós*, 138 DPR 983, 989 (1995).
[30] 32 LPRA Ap. V, R. 65.3. (énfasis nuestro).
[31] Véase: Ley Núm. 44 de 3 de marzo de 2023. Legislación que enmendó la Regla 65.3 (c) de las de Procedimiento Civil de 2009.

**por edictos para su publicación por la parte demandante. El aviso dispondrá que este debe publicarse una sola vez en un periódico de circulación general en Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar.** Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del(de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.[32]

En resumidas cuentas, discernimos que el criterio rector para determinar si una sentencia o resolución se notifica por edicto es la falta de comparecencia y no necesariamente la manera en que fue emplazada la parte.[33]

- III -

El señor **BASSAT VÉLEZ Y OTROS** puntearon que el tribunal de instancia incidió: (i) al no considerar que la *Declaración Jurada* suscrita por el señor Antonio Valentín Vega el 18 de diciembre de 2013 ante el licenciado Félix González Martínez como una *Declaración Unilateral de Voluntad*; (ii) al no considerar dentro de los requisitos de *Declaración Unilateral de Voluntad* que Antonio Valentín Vega tenía la capacidad suficiente para conocer a lo que se comprometía en la *Declaración Jurada* al haber sido Alcalde de Añasco por quince (15) años, educador y proyectista; (iii) abusó de su discreción al no declarar la *Declaración Jurada* suscrita por el señor Antonio Valentín Vega el 18 de diciembre de 2013 como *Declaración Unilateral de Voluntad* a pesar de cumplir con los [seis] (6) criterios establecidos por el derecho; y (iv) al no considerar de la prueba documental recibida que la parte demandante tomó la decisión de realizar el negocio jurídico de *Segregación y Compraventa Condicional* cuando el señor Antonio Valentín Vega le muestra el comunicado a ARPE de fecha del 29 de mayo de 2008 dirigido al ingeniero

---

[32] En este caso, el señor Antonio Valentín Ceferino, miembro de la **SUCN. VALENTÍN VEGA,** fue emplazado mediante edicto, y el 12 de febrero de 2018, se le anotó la rebeldía. Por lo que, la *Sentencia Enmendada* debió notificarse mediante un edicto.

[33] Ley Núm. 44 de 3 de marzo de 2023. Legislación que enmendó la Regla 65.3 (c) de las de Procedimiento Civil de 2009.

Humberto Rivera, donde como condición *sine qua non* tenía que someter los endosos de AAA y AEE.

Tras justipreciar suspicazmente la totalidad del expediente judicial, hacemos constar que, justamente, existe un asunto de índole jurisdiccional. El 6 de febrero de 2025, la **Sucn. Valentín Vega** presentó *Moción para el Cumplimiento de la Regla 65.3 (c) de las de Procedimiento Civil Vigentes sobre el Aviso de Notificación de la Sentencia Enmendada [...]* ante el foro apelado.[34] El pasado 6 de marzo, el señor **Bassat Vélez y Otros** presentó *Moción Informativa sobre Notificación de Edicto y de Escrito de Apelación* adjuntando, entre otras cosas, copia del edicto publicado en el periódico y el Affidavit del periódico The San Juan Star acreditando que la publicación del edicto fue el 17 de febrero de 2025. El 10 de marzo de 2025, el señor **Bassat Vélez y Otros** presentó *Réplica en Oposición a "Moción de Desestimación por Falta de Jurisdicción" y en Cumplimiento de Orden* incluyendo como anexo copia del recibo de *Certified Mail Receipt* ponchado el 18 de febrero de 2025. Enseguida, el 14 de marzo de 2025, el señor **Bassat Vélez y Otros** presentó *Moción Informativa sobre Evidencia de Notificaciones a Parte Co-Demandada en Rebeldía, Sr. Antonio Valentín Ceferino* con copia de los recibos de *Certified Mail Receipt* ponchados el 18 de febrero de 2025 y 4 de marzo de 2025 al igual que las tarjetas de acuse de recibo (PS Form 3811).

No surge del expediente que, en efecto, se haya cumplido cabalmente con el procedimiento de la notificación de la *Sentencia Enmendada* mediante edicto.[35] Es decir, el récord carece de copia de la *Notificación de Sentencia por Edicto* (*OAT 686*) cuya expedición sirve para iniciar los plazos.[36] Por tanto, ante el incumplimiento del tribunal primario para con la Regla 65.3 (c) de las de Procedimiento Civil de 2009, no ostentamos *jurisdicción* para atender el

---

[34] Véase Anejo del escrito.

[35] Ello es lo alegado en la *Moción de Desestimación por Falta de Jurisdicción* presentada el 26 de febrero de 2025 ante esta Curia.

[36] El Apéndice de la *Apelación* contiene copia del *OAT 1812- Formulario Único de Notificación-Sentencia, Resoluciones, Órdenes y Minutas*. En conformidad con la Regla 65.3 (c) de las de Procedimiento Civil de 2009, el tribunal primario **tiene** la obligación de pronunciar el formulario correcto sobre notificación de sentencia, en este caso: *OAT 686 Notificación de Sentencia por Edicto*.

presente recurso de *Apelación*. Dicha deficiencia o defecto de la notificación de la *Sentencia Enmendada* provoca que los términos para acudir ante este foro intermedio no hayan comenzado a decursar o transcurrir. Las notificaciones efectuadas por señor **BASSAT VÉLEZ Y OTROS** no subsanan dicha deficiencia o defecto; y por ello, resulta prematura la *Apelación*.

### - IV -

Por los fundamentos antes expuestos, y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos***, por ausencia de jurisdicción, la *Apelación* promovida el 6 de febrero de 2025 por el señor **BASSAT VÉLEZ Y OTROS**; y ordenamos el cierre y archivo del presente caso.[37]

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[37] La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 18, 215 DPR ____ (2025), faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B). Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico"*.