Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| PAOLA ORTIZ CABRERA<br><br>APELADA<br><br>v.<br><br>PUERTO RICO TELEPHONE COMPANY H/N/C CLARO PUERTO RICO; GILBERT RAMOS**; ALVACOM EMPLOYMENT SOLUTIONS, LLC**<br><br>APELANTE | TA2025AP00697<br><br>Consolidado<br><br>TA2025AP00700 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2022CV03337<br><br>Sobre: Daños y Perjuicios |
| PAOLA ORTIZ CABRERA<br><br>APELADA<br><br>v.<br><br>**PUERTO RICO TELEPHONE COMPANY** H/N/C CLARO PUERTO RICO; GILBERT RAMOS**;** ALVACOM EMPLOYMENT SOLUTIONS, LLC<br><br>APELANTE | | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2022CV03337<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de febrero de 2026.

### I.

El 18 de diciembre de 2025, Alvacom Employment Solutions, LLC (Alvacom), presentó una *Apelación,* en el caso matriz, en la que nos solicitó que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario)

el 22 de octubre de 2025.[1] Mediante dicho dictamen, el TPI declaró Ha Lugar la *Demanda* presentada por la apelada Paola Ortiz Cabrera condenando a los codemandados: el señor Gilberto Ramos; Puerto Rico Telephone Company h/c/c/ Claro; y Alvacom Employment Solutions LLC, a satisfacerle a la demandante, de manera solidaria, la suma de $150,00.00, por concepto de daños y perjuicios; más $10,000.00 por concepto de honorarios de abogado; los intereses que devengue la *Sentencia*; más las costas y gastos incurridos por la demandante en el trámite judicial. El 19 de diciembre de 2025, PRTC presentó otra *Apelación* en la que solicitó la revocación de la misma *Sentencia* emitida el 22 de octubre de 2025.

El 4 de febrero de 2026, Alvacom presentó una *Solicitud de Consolidación y Adjudicación* en la que solicitó la consolidación del caso **TA2025AP00697** con el **TA2025AP00700** presentado por Puerto Rico Telephone Company (PRTC).[2]

El 5 de febrero de 2026, emitimos una *Resolución* en la que, en aras de auscultar nuestra jurisdicción, le concedimos a Alvacom hasta el 12 de febrero de 2026 para mostrar causa por la cual no debamos desestimar el recurso, en esta etapa de los procedimientos.[3] Advertimos que, según surge del expediente digital, ante el TPI, del caso de epígrafe **BY2022CV03337**, el codemandado, el señor Gilberto Ramos, quien se encuentra en rebeldía, y a quien se le impuso responsabilidad solidaria en la *Sentencia* recurrida, no ha sido notificado de la misma.

En cumplimiento con lo ordenado, el 12 de febrero de 2026, la parte apelada, en el caso matriz, presentó una *Moción en Cumplimiento de Orden del 5 de febrero de 2026*.[4] En esta, alegó que

---

[1] Véase entrada núm. 147 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).
[2] Véase entrada núm. 4 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Íd., entrada núm. 5.
[4] Íd., entrada núm. 6.

la *Sentencia* recurrida no fue notificada correctamente en derecho, lo cual priva de jurisdicción a este tribunal. No obstante, adujo que presentó el recurso como medida cautelar, dentro del término de (30) treinta días de emitida.

En esa misma fecha, emitimos una *Resolución* en la que, examinados los casos de epígrafe y por tratarse de una misma controversia, ordenamos la consolidación de ambos casos al amparo de la Regla 80.1 del Reglamento del Tribunal de Apelaciones, según enmendada, **In re Aprob. Enmdas. Reglamento TA**, 2025 TSPR 141, pág. 113-114, 216 DPR __ (2025).

## II.

## A.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". **Beltrán Cintrón y otros v. Estado Libre Asociado**, 204 DPR 89, 101 (2020); **Torres Alvarado v. Madera Atiles**, 202 DPR 495, 500-501 (2019); **Shell v. Srio. Hacienda,** 187 DPR 109, 122 (2012). En reiteradas ocasiones, el Tribunal Supremo ha expresado que los tribunales tenemos siempre la obligación de ser celosos guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos de un recurso. **Shell v. Srio. Hacienda**, supra, págs.122-123; **Cordero et al. v. A.R.Pe. et al.,** 187 DPR 445, 457 (2012). Por tal razón, las cuestiones de jurisdicción deben ser resueltas con preferencia. **Fuentes Bonilla v. ELA**, 200 DPR 364 (2018); **González v. Mayagüez Resort & Casino,** 176 DPR 848, 856 (2009). Cuando el tribunal no tiene la autoridad para atender el recurso, sólo goza de jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. **Mun. de San Sebastián v. QMC Telecom**, 190 DPR 652, 660 (2014). Ello se debe a que la falta de jurisdicción trae consigo las siguientes consecuencias:

(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Beltrán Cintrón y otros v. Estado Libre Asociado*, ante; *Fuentes Bonilla v. ELA*, supra, págs. 372-373; *González v. Mayagüez Resort & Casino,* supra, pág. 855.

A tenor con lo anterior, la Regla 83(C) del Reglamento del Tribunal de Apelaciones*, supra,* pág. 116-117, R. 83 (C), nos autoriza a desestimar un recurso por falta de jurisdicción.

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta entre ellas por su pertinencia: la falta de madurez. Un recurso es prematuro cuando se presenta antes de que el tribunal tenga jurisdicción para atenderlo. *Pueblo v. Ríos Nieves,* 209 DPR 264, 274 (2022); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). Es decir, es prematuro cuando se radica previo a que haya nacido autoridad judicial para considerar el asunto y, por ello, su presentación carece de eficacia. *Torres Martínez v. Torres Ghigliotty,* supra, pág. 98.

**B.**

De otra parte, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, contempla la anotación de rebeldía contra aquella parte demandada que haya dejado de presentar alegaciones o no se haya defendido. Es decir, "cuando una parte no contesta la demanda o no se defiende como las leyes y las reglas estipulan, el tribunal podrá anotarle la rebeldía por iniciativa propia o por solicitud de parte". *González Pagán et al. v. SLG Moret Brunnet*,

202 DPR 1062, 1068 (2019); ***Bco. Popular v. Andino Solís***, 192 DPR 172, 179 (2015).

Anotada la rebeldía, se dan por admitidas todas las alegaciones sobre hechos correctamente presentadas y la causa de acción podrá continuar dilucidándose sin que el demandado participe. ***González Pagán et al. v. SLG Moret Brunnet***, supra, a la pág. 1069. Ahora bien, constituye un deber procesal garantizar la notificación de la sentencia dictada en rebeldía, de conformidad con la Regla 65.3(c) de Procedimiento Civil, *supra*, R. 65.3.

En los casos de sentencias dictadas en rebeldía también existe la obligación de notificar el archivo en autos de dichas sentencias a todas las partes involucradas. Esto incluye a las partes que se encuentren en rebeldía por falta de comparecencia. ***Falcón Padilla v. Maldonado Quirós***, 138 DPR 983, 993 (1995)

### III.

En el caso de marras las partes apelantes nos solicitan la revocación de una *Sentencia* emitida por el TPI que declaró Ha Lugar la *Demanda* y condenó a los apelantes y al señor Gilberto Ramos, solidariamente, al pago de una compensación a favor de la apelada Paola Ortiz Cabrera por concepto de daños y perjuicios.

De umbral, cabe señalar que, al señor Gilberto Ramos, codemandado, y quien fuere encontrado responsable solidariamente por los daños y perjuicios sufridos por la apelada, se le anotó la rebeldía y <u>no</u> ha sido notificado de la *Sentencia* recurrida. Este fue emplazado mediante edicto y no presentó alegación responsiva.

Ante el reconocimiento voluntario de la parte apelante, en el caso matriz, del asunto jurisdiccional, le concedimos a Alvacom hasta el 12 de febrero de 2026 para que mostrara causa por la cual no debíamos desestimar el recurso, toda vez que no surgía del expediente del caso BY2022CV03337 que el señor Gilberto Ramos haya sido notificado de la *Sentencia* recurrida. En cumplimiento con

lo ordenado, dicha parte expuso su posición al respecto en la que, en síntesis, sostiene que la *Sentencia* recurrida no ha sido notificada conforme a derecho, por lo que resulta inoficiosa. Dicha parte reconoció que el término para apelar no ha comenzado a de cursar y que este tribunal carece de jurisdicción, en esta etapa de los procedimientos.

Tras un análisis objetivo, sereno y cuidadoso de la totalidad de los expedientes en los casos consolidados de epígrafe, a la luz de la normativa jurídica atinente, resolvemos que, ante la ausencia de evidencia de la publicación de la *Sentencia* recurrida por edicto y en virtud de la Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *supra*, carecemos de jurisdicción para intervenir en la adjudicación de los casos consolidados de epígrafe, en esta etapa de los procedimientos, toda vez que se recurre de la misma *Sentencia*, que no ha sido notificada adecuadamente. Por esta razón, resulta imperativo desestimar ambos recursos, por prematuros.

**IV.**

Por los fundamentos que anteceden, desestimamos los recursos consolidados de epígrafe, por falta de jurisdicción, en esta etapa de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones